## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**KRISTINA HAGGERTY**, Individually
and on behalf of all others
similarly situated,

      Plaintiff,

                              Case No:

v.

RELIANT PRO REHAB LLC, d/b/a
RELIANT REHAB,

      Defendant.

_____.

## PLAINTIFF'S FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, KRISTINA HAGGERTY (hereinafter as "HAGGERTY" or "Plaintiff"), individually, and on behalf of all others similarly situated sues Defendant RELIANT PRO REHAB LLC, d/b/a RELIANT REHAB (hereinafter as "RELIANT" and/or "Defendant") for violations of the Fair Labor Standards Act  29 U.S.C. Section 207 *et seq.* ("FLSA"), and Massachusetts state wage and hour laws, M.G.L. c. 149 §148, §150 and M.G.L. c. 151 §§1A and 1B for failing to pay all wages and overtime wages due to Plaintiff and all others similarly situated.  Defendant RELIANT has maintained an unlawful scheme to avoid its overtime pay obligations to a collective of many thousands of its employees working as Therapists[1] in order to increase profits to the tune of millions of dollars each year at the expense of the Therapists.  As part of this scheme, Defendant

_____

[1]The term "Therapist," as used herein, includes Therapists, Physical Therapist (PT), Physical Therapy Assistant (PTA), Occupational Therapist (OT), Certified and non-Certified Occupational Therapy Assistant (COTA)(OTA), Speech Language Pathologist (SLP), and all similarly situated employees holding other job titles who worked for Defendant and who perform similar job duties and are/were paid on an hourly basis and classified as non-exempt in the United States of America.

maintained a *de facto* policy of commanding and pressuring Therapists to underreport, and submit inaccurate time sheets, including the reporting of 30-minute meal breaks from Therapists that were interrupted or not taken at all due to work obligations.   Due to Defendant's productivity requirements placed upon Therapists which limited the number of hours they could report, Defendant pressured Therapists to work overtime hours off the clock, placing them in fear of disciplinary action and termination of their employment if recorded all the overtime hours they actually worked which were necessary to complete their job duties.   On behalf of herself and all others similarly situated, Plaintiff seeks recovery of wages and damages Therapists have not received to which they are entitled and time-and-a-half pay for overtime wages. Plaintiff also seeks statutory trebling of damages, interest, attorneys' fees, and costs, liquidated damages, and any other relief that this Court deems proper, all as provided for by law.

## THE PARTIES

1.      Plaintiff Kristina Haggerty is an adult resident of Massachusetts.   From approximately December 2017 until August 2022, Plaintiff worked for Defendant as a Speech and Language Pathologist (SLP) providing speech and language therapy to patients at Defendant's facilities including at Defendant's Brentwood Rehabilitation and Healthcare Center in Danvers, Massachusetts.

2.      Plaintiff's consent to join form is attached as Exhibit A.

3.      Plaintiff's job duties as an SLP included treating patients and providing speech and language therapy, along with documenting and preparing notes of the therapy sessions in a contemporaneous manner.

4.      Throughout Plaintiff's employment, she routinely worked more than 40 hours each week in order to complete her job duties and meet the productivity requirements, and regularly

worked "off the clock," including during unpaid meal breaks.  Plaintiff estimates that she worked about 6 to 8.5 hours of unpaid overtime hours per full workweek worked.  Defendant failed to pay Plaintiff for the time she worked during her meal breaks and Plaintiff was unable to take a *bona fide* meal break due to work interruptions.

5.      Plaintiff brings this action on behalf of herself and all others similarly situated, namely all other individuals who have worked for Defendant in the United States as Therapists and who have not received all wages to which they are entitled for the three-year period prior to the filing of this case to the date of judgment in this action (the "FLSA Collective Period").

6.      Plaintiff and the Therapists are/were paid on an hourly basis and are/were classified as non-exempt/overtime pay eligible.  Plaintiff and the Therapists are employees within the meaning of the FLSA and Massachusetts law.

7.      Defendant is a Foreign Limited Liability Corporation, with principal place of business located at 5800 Granite Parkway, Suite 1000, Plano, Texas 75024.  Defendant has routinely and consistently conducted business in the State of Massachusetts through its fixed long term health care and nursing home facilities or locations, including in this District.  Defendant may be served through its Registered Agent for service of process, CT Corporation System, 155 FEDERAL ST., SUITE 700, Boston, Massachusetts 02110.

8.      As stated by Defendant on its website: "Reliant provides physical, occupational and speech therapy services to skilled nursing facilities.  Using our proprietary patient-centered clinical programs, we have over 37,000 patient interactions every day in over 870 facilities in 40 states."

9.      Defendant is an employer within the definition of the FLSA and Massachusetts law.

10.     Defendant has revenues exceeding $500,000 annually and employs more than 2 persons.

11.     Defendant was required to compensate Plaintiff Haggerty and all others similarly situated for all hours worked and overtime premiums for all overtime hours worked in each and every workweek.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the FLSA, 29 U.S.C. §§ 201 *et seq.* and 29 U.S.C. § 216(b).

13.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

14.     This Court has personal jurisdiction over Defendant.  Defendant has and continues to conduct substantial business activities in Massachusetts throughout the relevant periods, including employing Plaintiff and other Therapists at its Massachusetts facilities.

15.     Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.  Defendant employed Plaintiff and many Therapists in this District and within the jurisdiction and venue of this Court.

16.     This Court has supplemental jurisdiction over the state law claims which are closely related to the FLSA claims.  28 U.S.C. § 1367.

17.     Plaintiff does not share a state of citizenship with Defendant.

18.     Plaintiff is a citizen of Massachusetts.

19.     Defendant is not a citizen of Massachusetts.  Defendant is a citizen of Texas, with its principal place of business in Plano, Texas, and is a Delaware Corporation.

20.     The Court has personal jurisdiction over all non-resident FLSA Opt-In Plaintiffs pursuant to the First Circuit's decision in *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022).

## FACTS

21.     Defendant employed Plaintiff and other Therapists at its locations through the United States during the FLSA Collective Period.

22.     Due to Defendant's common policy, practice, or scheme, Plaintiff and other Therapists worked unpaid time off-the-clock.

23.     Defendant required that Plaintiff and other Therapists meet productivity requirements which are tied to hours reported.  If Plaintiff and other Therapists reported too many hours worked, it would negatively impact their productivity scores, which could result in discipline or termination.

24.     For example, Defendant required that Plaintiff and other Therapists obtain productivity scores ranging from about 90 to 95%, meaning that they had to treat Defendant's patients for up to 90 to 95% of their weekly work hours and have Medicare billable hours for every hour they recorded as time worked.

25.     Defendant's managers and/or directors and others in management also encouraged and even pressured Therapists to work as many hours and overtime hours as needed off the clock to meet productivity goals, and to complete all their job duties and required reporting forms and medical notes.

26.     Defendant also discouraged reporting all overtime hours and any hours actually worked that would cause the productivity rate to fail, and thus expected Plaintiff and all other Therapists to self-report inaccurate, understated, and falsified time records, as well as work hours

without receiving any pay.  Defendant maintained a culture of discouraging and intimidating Therapists from submitting or reporting all overtime hours worked by a) warning that they had to find a way to do all their work and keep up or they would be subjected to discipline or termination of their jobs; and b) through the productivity requirement scheme such that submitting all overtime hours causes the Therapists to work off-the-clock and submit false time records which understate actual hours worked.

27.     Time spent completing paperwork, charting, and patient notes negatively impacted productivity scores because such time was not fully billable and not considered patient treatment. Defendant could not bill Medicare or insurers for all of this work.  Thus, Defendant limited or did not permit Plaintiff and other Therapists to record all such time worked as doing so would impact productivity scores and employment status of the Plaintiff and other Therapists.

28.     Defendant's practice stemmed from a corporate policy to increase corporate profits and limit labor expenses.  The result is Plaintiff and other Therapists working off-the-clock and not receiving wages and overtime wages for all time worked.

29.     Defendant actually knows or should have known that Plaintiff and Therapists in its locations nationwide routinely worked regular and overtime hours off the clock without compensation in violation of the FLSA and Massachusetts wage laws.

30.     Plaintiff and Therapists used Defendant's software and computer systems to perform their work and such systems will demonstrate certain of the off-the-clock work claimed herein.

31.     Upon information and belief, Defendant has not taken steps to prevent Plaintiff and Therapists from working off-the-clock or analyzed whether such off-the-clock work was

happening or whether Defendant paid Plaintiff and other Therapists for all time worked. Defendant willfully and recklessly disregarded the FLSA and Massachusetts laws.

32.     Defendant does not track and does not maintain records of the actual hours worked by Plaintiff or Therapists.

33.     Defendant does not have a method to track time worked from home.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of herself and all Therapists (as defined in footnote 1) who worked for Defendant throughout the United States during the FLSA Collective Period (the "FLSA Collective Members").

35.      Plaintiff is able to protect and represent the FLSA Collective group of similarly situated and Plaintiff is willing and able, and consents to doing so.   Plaintiff Haggerty is familiar with the Defendant's pay practices, company policies and procedures.

36.     Defendant classifies and classified Plaintiff and all FLSA Collective Members as non-exempt and overtime pay eligible.

37.     Defendant maintains the same timekeeping and compensation practices and policies for Plaintiff and all FLSA Collective Members.

38.     Plaintiff and the FLSA Collective Members have similar job and productivity requirements due to Defendant's common *de facto* scheme which causes them to work off-the-clock without compensation for all hours and overtime hours worked.

39.     Defendant maintains similar job descriptions for Therapists depending on their specific job title.

40.     Defendant has a common training program for Therapists depending on their specific job title.

41.     Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective Members for all hours and overtime hours worked.  There are many similarly situated current and former Therapists who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly-situated Therapists are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

<u>**COUNT I**</u>
<u>**VIOLATIONS OF FLSA § 207 AND DECLARATORY ACTION**</u>
<u>**PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202**</u>
<u>**(On Behalf of Plaintiff and the FLSA Collective Members)**</u>

42.     Plaintiff realleges and incorporates by reference paragraphs one (1) through Forty-One (41) of this Complaint and fully restates and realleges all facts and claims as if fully stated herein.

43.     Defendant has willfully engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay Plaintiff and the FLSA Collective Members the required overtime wages and premiums for all hours worked over 40 in each and every workweek.

44.     Plaintiff and the FLSA Collective Members routinely work or worked off the clock and as all such time should have been counted as compensable overtime hours during any workweek that Plaintiff and the FLSA Collective members worked.

45.     Defendant knew or should have known that Plaintiff and FLSA Collective Members routinely performed work off-the-clock, including during overtime hours.

46.     This unpaid work also included time completing required notes on tablets while off-the-clock, at or away from the facility, which was permitted and performed with the knowledge and acceptance of Defendant.  Defendant knew or should have known of the access times to the notes and software and programs by Plaintiff and FLSA Collective Members while they were off the clock.

47.     Plaintiff and the FLSA Collective Members also work during the day without taking a 30-minute, uninterrupted, non-working meal break, despite not being paid for this time.

48.     Defendant failed to contemporaneously track and record all work hours of Plaintiff and FLSA Collective Members, including work during unpaid meal breaks.

49.     Defendant failed to pay for all time that Plaintiff and FLSA Collective Members worked, including overtime hours worked in excess of 40 hours per week.

50.     Defendant's conduct as described herein constitutes willful violations of the FLSA. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

51.     Defendant is aware of its obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and the FLSA Collective Members.

52.     As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other

compensation pursuant to 29 U.S.C. § 216(b), as well as injunctive relief pursuant to 29 U.S.C. § 217.

## COUNT II
## VIOLATIONS OF THE FLSA § 211(c) FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED
### (On Behalf of Plaintiff and the FLSA Collective Members)

53.     Plaintiff realleges and incorporates by reference paragraphs one (1) through Forty-One (41) of this Complaint and fully restates and realleges all facts and claims as if fully stated herein.

54.     Defendant failed to make, keep, and preserve accurate records of all time worked by Plaintiff and FLSA Collective Members.

55.     Due to Defendant's failure to comply with the recordkeeping requirements, criminal or civil sanctions may be imposed, whether or not other statutory violations exist.

56.     Due to the foregoing violations, Plaintiff seeks all available relief under the FLSA, including attorneys' fees and costs.

## COUNT III
## VIOLATION OF THE VIOLATION OF M.G.L. C., CHAPTER 151, SECTIONS 1A AND 1B, OVERTIME WAGE LAW
### (ON BEHALF PLAINTIFF HAGGERTY AND ALL SUBSEQUENT MASSACHUSETTS OPT-IN PLAINTIFFS

57.     Plaintiff realleges and incorporates by reference paragraphs one (1) through Forty-One (41) of this Complaint and fully restates and realleges all facts and claims as if fully stated herein.

58.     Defendant's conduct in failing to pay Plaintiff and Therapists time-and-a-half for unpaid hours worked in excess of forty per week, as set forth above, violates M.G.L. c. 151, § 1A. This claim is brought pursuant to M.G.L. c. 151, § 1B.

59.     As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the Massachusetts Opt-In Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, treble damages, interest, attorneys' fees, costs and other compensation and damages pursuant to Massachusetts law.

**COUNT IV**
**VIOLATION OF THE VIOLATION OF M.G.L. C., CHAPTER 149,**
**SECTION 148, MASSACHUSETTS WAGE LAW**
**(ON BEHALF PLAINTIFF HAGGERTY AND ALL SUBSEQUENT**
**MASSACHUSETTS OPT-IN PLAINTIFFS**

60.     Plaintiff realleges and incorporates by reference paragraphs one (1) through Forty-One (41) of this Complaint and fully restates and realleges all facts and claims as if fully stated herein.

61.     Defendant's conduct in failing to pay Plaintiff and Therapists for all hours worked violates Mass. Gen. L. c. 149, § 148. This claim is brought pursuant to Mass. Gen. L. c. 149, § 150.

62.     As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the Massachusetts Opt-In Plaintiffs have been deprived of wages in amounts to be determined at trial; and are entitled to recovery of such amounts, treble damages, interest, attorneys' fees, costs and other compensation and damages pursuant to Massachusetts law.

**WHEREFORE,** Plaintiff KRISTINA HAGGERTY, individually, and on behalf of all other similarly situated, employed during the FLSA Collective Period and applicable Massachusetts statutory period, for all current and formerly employed Therapists, seek the following the following relief:

a.   Designation of this action as a FLSA Section 216(b) collective action;

b.   That Plaintiff Haggerty be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time to all past and present Therapists who worked for Defendant during the FLSA Collective Period, advising them of their right to join the case;

c.   Designate Plaintiff Haggerty as Representative of the FLSA Collective Members for purposes of engaging in mediation, with the authority to execute any Collective settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding;

d.   That the Court find and declare Defendant's violations of the FLSA were and are willful;

e.   That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payment of wages and overtime compensation owed to members of the FLSA Collective Members;

f.   That the Court award to Plaintiff and the FLSA Collective Members overtime compensation for all unpaid overtime hours worked at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the FLSA Collective Period;

g.   Award each Plaintiff and the FLSA Collective Members an equal sum in awarded or recovered wages as liquidated damages, and for Plaintiff Haggerty and all FLSA Collective Members from Massachusetts, treble damages.

h.   That the Court award Plaintiff and the Plaintiffs who opt into this action recovery of their reasonable attorneys' fees and costs and  expenses of litigation pursuant to 29 U.S.C. § 216 and Massachusetts law;

k.   That the Court issue in order of judgment under 29 U.S.C. §§ 216-17 and 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and willfully failing to accurately record all hours worked by Plaintiff and Therapists, as well as issue an Injunction barring the Defendant from further violating the FLSA;

l.   Award pre-judgment and post-judgment interest, as provided by state or federal law;

m.   That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans; and

n.   That the Court award all other relief to which Plaintiff and the Plaintiffs who opt into this action may be entitled.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted,

KRISTINA HAGGERTY, on behalf of herself and all individuals similarly situated,

By their attorneys,

 /s/ Hillary Schwab
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
Email: hillary@fairworklaw.com

Mitchell L. Feldman, Esq.*
FELDMAN LEGAL GROUP
6916 West Linebaugh Avenue, # 101
Tampa, Florida 33625
Tel: (813) 639-9366
Fax: (813) 639-9376
Mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us

Michael J. Palitz, Esq.
SHAVITZ LAW GROUP, P.A.
477 Madison Avenue, 6th Floor
New York, New York 10022
Tel:  (800) 616-4000
Fax:  (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz, Esq.*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Tel:  (561) 447-8888
Fax:  (561) 447-8831
gshavitz@shavitzlaw.com

*Attorneys for Plaintiff and the FLSA Collective members*

*\*Application for admission pro hac vice forthcoming*

Dated:  August 17, 2022